ANA LIDIA (conocida por ANA DILIA) GUTIÉRREZ ROSA e INÉS MARÍA (conocida por INÉS) GUTIÉRREZ ROSA, ésta asistida por su padre ROSENDO GUTIÉRREZ FIGUEROA, demandantes y apelantes, *v.* FÉLIX MAURO GINORIO IGARTÚA, demandado y apelado.

Núm. 8210.—*Sometido:* Abril 2, 1941. *Resuelto:* Abril 4, 1941.

*Isaías M. Crespo,* abogado de los apelantes; *Luis Mercader,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La sentencia que motiva este recurso fué dictada a base de una excepción previa de falta de hechos constitutivos de causa de acción. Para determinar la suficiencia de dicha demanda, precisa que hagamos una exposición de sus alegaciones esenciales, las que pueden resumirse así: las demandantes compraron una casa y solar en Arecibo por precio de $1,500, pero como el inmueble se hallaba afecto a dos hipotecas, la primera por la suma de $1,200 que en la fecha de la compra había sido reducida a $400 y la segunda en garantía de un pagaré al portador por $1,000, las demandantes sólo tuvieron que pagar la cantidad de $100, ya que se hicieron cargo de atender al pago de los dos créditos hipotecarios. El demandado Félix Mauro Ginorio era dueño de la primera hipoteca y tenedor del pagaré al portador garantizado con la segunda. Pagaron las demandantes en distintos plazos los $400 de la primera hipoteca, sin que se hubiera otorgado la correspondiente escritura de cancelación, y así las cosas, la casa, que estaba asegurada contra incendio y cuya póliza era pagadera al acreedor hipotecario Sr. Ginorio, fué destruída por un incendio. Como el Sr. Ginorio no hiciera las gestiones necesarias para el cobro de la póliza, las demandantes necesitaron encomendar ese trabajo al Lic. Isaías Crespo, logrando éste que la compañía pagase al Sr. Ginorio la cantidad de $1,000 en que se estimó la pérdida sufrida. No obstante haber recibido el acreedor el pago de sus créditos, dejó de otorgar la correspondiente escritura de cancelación, obligando así a las demandantes a instituir contra él un pleito con ese propósito, pleito que fué ganado por ellas. Se presentó entonces en la Corte Municipal de Arecibo esta

acción en reclamación de daños y perjuicios, consistentes éstos, según la demanda, en los $100 que tuvieron que satisfacer las demandantes al Sr. Isaías Crespo por los indicados servicios, y en que con motivo de la dilación en otorgarse las referidas escrituras y ". . . por motivos de aparecer el solar gravado con la hipoteca original de $1,200 del Sr. Ginorio y la hipoteca de $1,000 del bono hipotecario, las demandantes se vieron impedidas de vender el solar a otras personas que ofrecieron comprárselo, por lo cual se les han ocasionado daños y perjuicios a las demandantes *que son relativamente inapreciables,* pero que razonablemente ascienden a una cantidad de $300, cantidad que se niega el demandado a pagar a pesar de las diligencias de cobro hechas por las demandantes.''

Más adelante continúan alegando que vendieron el solar a Pablo Pérez por la suma de $800 y termina la demanda con súplica de una sentencia que condene al demandado a pagar a las demandantes la cantidad de $400 por los indicados conceptos, más las costas y gastos del litigio.

Con manifiesto error, el juez inferior aceptó en evidencia, con la anuencia de las partes, cierta prueba documental en apoyo de la excepción previa. Es elemental que una excepción previa admite los hechos correctamente alegados en la demanda, surgiendo entonces una cuestión de derecho que consiste en determinar si de la faz de la misma exclusivamente, surge una causa de acción, por lo que resulta improcedente admitir evidencia para determinar la suficiencia de una demanda. Quedando sometida la cuestión en la forma expuesta, la corte inferior declaró con lugar la excepción previa y desestimó la demanda con costas a las demandantes.

Si las dos únicas partidas de daños reclamados en la demanda, bien por su naturaleza, ya por la forma en que han sido alegadas, no son recobrables, es evidente entonces la insuficiencia de la demanda.

■■ Consideremos en primer término la primera partida, ascendente a $100. La póliza, pagadera al Sr. Ginorio en consideración a su interés sobre el inmueble como acreedor hipotecario, no es otra cosa que una garantía adicional que le dieron sus deudores. No aparece de la faz de la demanda que fuera obligación del Sr. Ginorio, en caso de siniestro, gestionar por su cuenta el cobro de la póliza. No resultando así, eran los deudores los obligados a practicar por su cuenta dichas gestiones, y una vez puesta la referida suma a disposición del acreedor, si la misma bastaba para el pago total de la deuda, y el acreedor se negaba a recibirla, en tal caso, podían las demandantes consignar el montante de la deuda en la corte competente y previos los trámites legales obtener la extinción de la obligación. Lo expuesto nos lleva a la conclusión de que la partida de $100 no es recobrable por las demandantes.

Pasemos ahora a la partida de $300 por concepto de daños y perjuicios por no haber podido las demandantes verificar la venta con anterioridad a la que llevaron a efecto por precio de $800.

Hemos transcrito el párrafo noveno de la demanda, en el que aparece la alegación de esta partida de daños. Ni en dicho párrafo, ni en ningún otro, se expone el precio que hubieran las demandantes recibido en caso de efectuar la venta en aquella fecha. Sólo consta de otro párrafo que vendieron el solar en $800. Claro es que si el precio que hubieran recibido en caso de vender el solar en la primera ocasión hubiera sido superior a $800, la diferencia entre una y otra cantidad constituiría el montante de los daños por ese concepto; pero si por el contrario, al vender el solar en $800 recibieron ellas una cantidad superior a la que se les ofrecía en la primera ocasión, evidentemente lejos de causarles daños la tardanza del demandado en otorgar la escritura de cancelación—asumiendo que la dilación hubiera sido injustificada—, les produjo beneficio.

La alegación de que *"se les han ocasionado daños y per-juicios a las demandantes que son relativamente inaprecia-bles, pero que razonablemente ascienden a una cantidad de $300"*, sin exponer los hechos sobre los cuales descansa esa conclusión, no corrige el defecto de la demanda, pues cons-tituyendo ésa una mera conclusión legal, su certeza no se entiende admitida por la excepción previa, que sólo admite como ciertos los hechos correctamente alegados en la de-manda. *Méndez* v. *Serracante,* 53 D.P.R. 849.

Habiéndose admitido la evidencia a que nos hemos refe-rido con la anuencia de las partes y no habiendo dicho error causado perjuicio a las apelantes, puesto que la demanda, conforme resulta de su faz, es claramente insuficiente para constituir una causa de acción, *procede desestimar el recurso y confirmar la sentencia apelada.*